IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY BROWN,

    Plaintiff,

v.

PORT OF OAKLAND, RAYMOND WRIGHT, GENE LAM, JOHN MOORE, SEIU LOCAL 790, and DOES 1–10,

    Defendants.

No. C 18-06207 WHA

**ORDER RE MOTIONS TO DISMISS**

## INTRODUCTION

In this *pro se* action asserting claims for race discrimination, three defendants move to dismiss. For the following reasons, the motions to dismiss are **GRANTED**.

## STATEMENT

Beginning in 1995 and continuing for approximately six years, *pro se* plaintiff Terry Brown, a then member of defendant SEIU Local 790, worked for defendant Port of Oakland as a maintenance and construction worker. During that time, plaintiff suffered several injuries and filed claims for worker's compensation. The worker's compensation analyst denied his claims. Plaintiff also filed race-discrimination complaints and grievances against the Port of Oakland and the Union, after which the Port of Oakland retaliated against him by creating a hostile work environment and forcing plaintiff to quit his job in 2001 (Compl. ¶¶ 1–10).

1   Also in 2001, plaintiff received a worker's compensation award through a "Stipulation
2   Award Agreement." Defendant John Moore acted as the judge presiding over plaintiff's
3   worker's compensation proceeding. Defendant Raymond Wright represented plaintiff during
4   the proceeding and defendant Gene Lam represented the Port of Oakland. Plaintiff alleges that
5   when he entered into the stipulated worker's compensation award he could not read it, suffered
6   from an unspecified mental illness, and only signed the agreement because he believed he
7   would get his job back (Compl. ¶ 11).

8   Between 2002 and 2009, plaintiff filed numerous petitions with the worker's
9   compensation board alleging race discrimination, disability discrimination, and fraud against
10  the Port of Oakland, all of which the board denied. In 2007, plaintiff also filed a discrimination
11  complaint with the EEOC, which complaint the EEOC dismissed as untimely. Most recently,
12  plaintiff filed a charge of discrimination with the EEOC and DFEH in February 2018, alleging
13  discrimination and retaliation by the Port of Oakland in the years 1998 through 2001. The
14  DFEH and EEOC issued a right-to-sue letter in July 2018 (Compl. ¶¶ 12–18).

15  Plaintiff filed the instant complaint in October 2018. Defendants Gene Lam, SEIU
16  Local 790, and the Port of Oakland now move to dismiss (Dkt. Nos. 1, 10, 15, 17). Defendants
17  John Moore and Raymond Wright have not yet appeared. This order follows full briefing and
18  oral argument.[1]

19  **ANALYSIS**

20  **1. PORT OF OAKLAND.**

21  Plaintiff's first claim for relief is asserted against the Port of Oakland for "racial
22  discrimination, harassment, disparate treatment, and retaliation while working in a hostile
23  environment" (Compl. ¶ 19). Although the complaint does not specify the statute upon which
24  plaintiff's discrimination and retaliation claims are based, a charge of discrimination or

---

[1] Prior to the hearing an order requested that the Port of Oakland provide additional information regarding defendant Moore so that the undersigned judge could determine whether or not a recusal was in order. The Port of Oakland had no additional information but at the hearing on defendants' motions plaintiff explained that he believed defendant Moore had died. Counsel for defendant Lam also explained that Lam, now the presiding judge for the worker's compensation board, believed Moore had died. Moreover, after the hearing the undersigned confirmed that he does not know the John Moore named in the complaint. There is accordingly no basis for recusal.

2

retaliation under the Fair Employment and Housing Act must be filed with the DFEH within one year of the unlawful practice. Cal. Gov't Code § 12960(d). To the extent plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, he must have filed an EEOC charge within 300 days of the unlawful-employment action. 42 U.S.C. § 2000e-5(e)(1). Here, plaintiff waited until 2018 to file charges with the DFEH and EEOC stemming from conduct that occurred no later than 2001 when he quit his job at the Port. Plaintiff's claims are therefore untimely.

Plaintiff argues that the statute of limitations should be tolled either because he did not know of his obligation to file a charge with the EEOC/DFEH or because he suffered from a mental disability as a result of defendants' conduct. The complaint also alleges, however, that plaintiff filed a charge of discrimination with the EEOC and DFEH against the Port of Oakland as early as 2007. Accordingly, even if plaintiff's claims were properly tolled through 2007, plaintiff fails to explain (either in the complaint or in opposing the instant motion) why he waited another eleven years to file the instant claims with the EEOC and DFEH.

In his fourth claim for relief, plaintiff asserts a claim against the Port of Oakland pursuant to Section 1985(e) of Title 18 of the United States Code for conspiracy to deprive plaintiff of his constitutional rights. Effective January 2003, the statute of limitations in California is two years for Section 1985(e) claims. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991); Cal. Civ. Proc. Code § 335.1. Because that statute does not apply retroactively, any cause of action that was more than one-year old as of January 1, 2003, would be barred under the previous one-year statute of limitations. *Id.* at 1132–33. Plaintiff's conspiracy claim is time-barred under either limitations period. For the same reasons discussed above with respect to plaintiff's discrimination claim, plaintiff has not demonstrated that tolling would be appropriate. Plaintiff's claims against the Port of Oakland are therefore **DISMISSED**.

### 2. JUDGE GENE LAM.[2]

Plaintiff's second claim for relief is asserted against Judge Gene Lam, Raymond Wright, and John Moore for "fraudulent stipulation agreement and conspiracy" (Compl. ¶¶ 22–24). Construing this claim as a state-law claim for fraud, the applicable statute of limitations is three years and begins to accrue upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d). According to the complaint, plaintiff raised his fraud claim with the worker's compensation board in several petitions between 2002 and 2009. Because plaintiff knew of his claim at that time yet failed to file the instant fraud claim until 2018, plaintiff's fraud claim is time barred.

As with his other claims, defendant argues that the statute of limitations should be tolled based on his mental disability. While our court of appeals has found that a medical condition can toll a statute of limitations when it "prevented a plaintiff from filing suit," *Garcia v. Brockway*, 526 F.3d 456, 465 n.9 (9th Cir. 2008), the complaint's bare references to mental disability fail to demonstrate this inability to file suit earlier. This is especially true given the complaint's allegations that plaintiff had the ability to file eight worker's compensation claims between 2002 and 2009 and a charge of discrimination with the EEOC in 2007 (Compl. ¶ 15).

In addition, for the same reasons discussed above, plaintiff's Section 1985(e) claim is barred by the applicable statute of limitations. Plaintiff's claims against Judge Lam and Attorneys Moore and Wright are therefore **DISMISSED**. This order need not reach Judge Lam's additional arguments for dismissal, including that plaintiff's claims are barred by the litigation privilege and the *Noerr-Pennington* doctrine.

### 3. SEIU LOCAL 1021.[3]

Plaintiff's third claim for relief is asserted against the Union for breach of the duty of fair representation. Specifically, the complaint alleges that the Union failed to bargain in good

---

[2] According to the complaint, defendant Gene Lam represented the Port of Oakland in connection with plaintiff's workers' compensation claims (Compl. ¶ 4). Judge Gene Lam is now the presiding judge with the worker's compensation appeals board in Oakland (Dkt. No. 15-1 at 1).

[3] Although plaintiff names SEIU Local 790 as a defendant in the complaint, SEIU Local 790 has since merged with SEIU Local 1021 and accordingly SEIU Local 1021 brings the instant motion to dismiss.

4

faith on plaintiff's behalf due to his race, failed to resolve plaintiff's grievances for harassment and discrimination against the Port of Oakland, and "failed to get plaintiff's job back," thereby breaching the collective bargaining agreement (Compl. ¶¶ 6, 25–32). There is a six-month statute of limitations for claims alleging a breach of the duty of fair representation and this period "generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Here, the complaint alleges that the Union failed to resolve numerous grievances filed by plaintiff throughout his employment and that in 2001 the Union failed to get him his job back after he quit. In opposing the instant motion, moreover, plaintiff argues that the Union's failure to bargain in good faith ultimately forced him to quit his job in 2001. Plaintiff should therefore have known of the Union's alleged misconduct at the time he failed to regain his employment in 2001.

An exception to the general rule of accrual is the discovery rule, which tolls the running of the statute "until plaintiff is on inquiry notice of its injury (and its wrongful cause)." *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). Here, however, the complaint alleges no facts demonstrating the time and manner plaintiff discovered the claim or plaintiff's inability to discovery the claim earlier despite reasonable diligence. In his opposition, plaintiff argues that the Union bargained in bad faith by concealing from him that he should have filed a complaint with the EEOC and that he did not discover this information until 2007. Even if these allegations were included in the complaint and plaintiff could not have discovered certain of the Union's misconduct until 2007, the statute of limitations would still have run long before plaintiff filed the instant complaint in 2018. For the same reasons discussed above, plaintiff has not established that the statute of limitations should be tolled based on mental incapacity.

Finally, for the same reasons discussed above with respect to the Port of Oakland and Judge Lam, plaintiff's Section 1985(e) claim against the Union is barred by the applicable statute of limitations. Plaintiff's claims against the Union are therefore **DISMISSED**.

**CONCLUSION**

For the reasons stated, defendants' motions to dismiss are **GRANTED**. Plaintiff's complaint is **DISMISSED** in its entirety. Leave to amend will not be allowed because amendment would be futile. Judgment will follow. Plaintiff's next step in pursuing his claims, should he still wish to do so, is to file a timely notice of appeal and proceed to our court of appeals.

**IT IS SO ORDERED.**

Dated: January 10, 2019.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE